UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Brian John Emery,

        Debtor

Chapter 7
Case No. 23-10092

### ORDER SETTING CONTINUED HEARING

On August 24, 2023, the Court held a hearing on U.S. Bank National Association's Motion for Relief from Automatic Stay [Dkt. No. 46] related to the property at 99 Madison Avenue, Madison, Maine. Although the Debtor, Brian John Emery, filed a response opposing the motion, he failed to appear at the hearing. For reasons stated on the record, the Court determined that a further hearing would be needed. As discussed below, the Court will hold a further hearing, but for reasons other than those discussed at the August 24, 2023 hearing.

Having reviewed the record in this case further, it appears that the motion should be denied as moot (or unnecessary) because the automatic stay terminated on June 15, 2023. Mr. Emery had a prior case under chapter 13 (Case No. 22-10257) that was dismissed on January 17, 2023. That prior case was pending within one year of this later case (Case No. 23-10092) being filed on May 16, 2023. In such circumstances, the automatic stay terminates in its entirety "on the 30th day after the filing of the later case," unless a request to extend the automatic stay is granted before the stay terminates. 11 U.S.C. § 362(c)(3); *see also* In re Smith, 910 F.3d 576, 578 (1st Cir. 2018). Here, no party in interest sought to extend the automatic stay within the permitted timeframe under section 362(c)(3)(B). Thus, the automatic stay terminated in its entirety on June 15, 2023, under 362(c)(3)(A).

To permit the parties, including Mr. Emery, an opportunity to respond to the Court's analysis above, a further hearing on the motion will be held at 1:00 p.m. on September 7, 2023. The hearing will be held at the United States Bankruptcy Court, 202 Harlow Street, Bangor, Maine. Those wishing to participate by telephone must contact CourtCall at 1-866-582-6878 to register within 24 hours of the hearing. If Mr. Emery fails to appear at the hearing on September 7, 2023, the Court may act on this matter without any further hearing or other process.[1]

Dated: August 25, 2023

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] As was discussed at the August 24, 2023 hearing, Mr. Emery's response to the motion lacked suitable support for the property's $501,400 value that he asserted. That amount is significantly higher than the $216,000 value that he listed on his bankruptcy schedule A/B about three months ago. With schedule A/B, Mr. Emery filed a declaration that his schedules were "true and correct," which he signed "[u]nder penalty of perjury." Based on that declaration, U.S. Bank was entitled to and did rely on the value listed on schedule A/B in support of its motion. Mr. Emery's assertion of a higher value was not similarly declared to be true and correct under penalty of perjury. Also, Mr. Emery's explanation, about how he calculated the amount himself from various online resources, would not be enough to establish the value. Acceptable evidence of value often includes a recent appraisal, tax assessor's valuation, broker's price opinion, or comparative market analysis. That is, even if the stay had not terminated, Mr. Emery would need some independent evidence of the higher asserted value in his effort to avoid stay relief being granted to U.S. Bank.